

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-22-00041-CR

_____

CURTIS TROY CROWSEY, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 6th District Court
Lamar County, Texas
Trial Court No. 29362

Before Morriss, C.J., Stevens and Carter,* JJ.
Memorandum Opinion by Justice Stevens

_____
*Jack Carter, Justice, Retired, Sitting by Assignment

# MEMORANDUM OPINION

Curtis Troy Crowsey pled guilty to manufacture or delivery of a penalty group 1 controlled substance in an amount greater than four grams and less than two hundred grams.[1] Pursuant to a plea bargain with the State, Crowsey was sentenced to twelve years' imprisonment.[2] The trial court certified that this was a plea-agreement case and that Crowsey had no right of appeal; nonetheless, Crowsey, acting pro se, filed a notice of appeal. Because we find that we are without jurisdiction over this case as a result of Crowsey's plea bargain with the State, we dismiss the appeal for want of jurisdiction.

The Texas Legislature has granted a very limited right of appeal in plea-bargain cases. Rule 25.2 of the Texas Rules of Appellate Procedure details that right as follows:

> (2)　. . . . In a plea bargain case—that is, a case in which a defendant's plea was guilty or nolo contendere and the punishment did not exceed the punishment recommended by the prosecutor and agreed to by the defendant—a defendant may appeal only:
>
> > (A)　those matters that were raised by written motion filed and ruled on before trial, or
>
> > (B)　after getting the trial court's permission to appeal.

TEX. R. APP. P. 25.2(a)(2). There is no indication in the record before this Court that Crowsey either (1) filed a motion that was ruled on before trial or (2) obtained the trial court's permission to appeal. To the contrary, the trial court's certification of Crowsey's right of appeal indicates that he has no right of appeal. Pursuant to Rule 25.2(d) of the Texas Rules of Appellate

---

[1]TEX. HEALTH & SAFETY CODE ANN. § 481.112(d).

[2]In conjunction with the plea agreement, Crowsey waived his right of appeal.

Procedure, this Court is required to dismiss an appeal if, as in this case, the trial court's certification indicates no right of appeal. *See* TEX. R. APP. P. 25.2(d).

We informed Crowsey of this apparent defect in our jurisdiction over his appeal and afforded him an opportunity to respond and, if possible, cure such defect. Crowsey did not respond to our letter.

Because Crowsey has no right of appeal as a result of his plea bargain with the State and because the trial court's certification correctly indicates that he is without a right of appeal, we dismiss this appeal for want of jurisdiction.

Scott E. Stevens
Justice

Date Submitted:     April 21, 2022
Date Decided:       April 22, 2022

Do Not Publish